IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C

05 MAY 24 AH 6:38

CLERK, U.S. DIST. CT.
W.D. OF TN. MEMPHIS

ANTHONY EUGENE MILLER,

      Plaintiff,

vs.

INDIANA DEPARTMENT OF WORKPLACE
DEVELOPMENT, et al.,

      Defendants.

No. 05-2094-Ma/P

---

ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

---

Plaintiff Anthony Eugene Miller, a resident of Memphis, filed a pro se complaint on the form used for actions pursuant to 42 U.S.C. § 1983 on February 3, 2005, along with an in forma pauperis affidavit and a motion for appointment of counsel. Because the case is being transferred, the filing fee issue and the motion for appointment of counsel should be addressed by the transferee court. The Clerk shall record the defendants as the State of Indiana Department of Workplace Development; Administrative Hearing Judge Theodore B. Werre; General Counsel Leslie G. Fatum; Governor Frank O'Bannon; Jon Laramore, who is described as Counsel to the Governor; Robert Robisch, who is described as Director; Alan D. Degner, who is described as Commissioner; Deputy Commissioner Elizabeth Bedwell; and Special Assistant Lee Lamb.

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-25-05



(1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This claim has no connection with the Western Division of this district apart from the fact that the plaintiff currently resides here. All the defendants can apparently be found in the State of Indiana, and the allegedly wrongful act—which was apparently the denial of the plaintiff's application for unemployment compensation benefits—occurred in the State of Indiana. Accordingly, the complaint asserts no basis for venue in the Western Division of this district.

Twenty-eight U.S.C. § 1406(a) states:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

For the reasons stated, this action should have been brought in the State of Indiana. Although the complaint contains no information about the location of any wrongful acts committed by the defendants, the defendants are the Governor of Indiana, a state agency, and, presumably, its senior officials. Accordingly, it appears that the most likely venue for this action is the state capitol, which is located in the Southern District of Indiana, Indianapolis Division. 28 U.S.C. § 94(b)(1). Therefore, it is hereby ORDERED, pursuant to

28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Southern District of Indiana, Indianapolis Division.

      IT IS SO ORDERED this _____23ᵈ_____ day of May, 2005.

_____

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in
case 2:05-CV-02094 was distributed by fax, mail, or direct printing on
May 24, 2005 to the parties listed.

---

Anthony E. Miller
3090 Overbrook Rd.
Memphis, TN 38128

Honorable Samuel Mays
US DISTRICT COURT